ROSENN, Circuit Judge,
Concurring.
I agree with the majority that the Bankruptcy Court’s improvident grant of in-junctive relief against Stonington Partners, Inc. (Stonington) must be reversed. Lern-out & Hauspie Speech Products, N.V. (L&H) neither sought the injunction, nor did it fulfil any of the procedural requirements to obtain an injunction. I also agree with the majority’s recommendation that the Delaware and Belgian bankruptcy courts should engage in a dialogue in an effort to develop a protocol for the cooperation of the two courts in overseeing and harmonizing the dual proceedings so as to effectuate the orderly administration of justice. I write separately, however, because I see no basis or necessity for remanding this proceeding to the Delaware Bankruptcy Court.
Despite the absence of any request by L&H for injunctive relief and even though “our case law unequivocally directs courts to exercise restraint in enjoining foreign proceedings,” (maj. op. at-), the majority remands the case to the Bankruptcy Court “to apply the approach to anti-suit injunctions that has been developed in our court and to consider comity concerns in *134 deciding whether this is one of the rare situations in which such relief is appropriate.” Id. Such a remand to the Bankruptcy Court and for such purpose is inexplicable in the circumstances of this case and in the absence of any request by L&H for injunctive relief, given its failure to comply with injunctive procedural requirements.
These proceedings never required a choice-of-law analysis. The issue did not arise in the context of an ancillary proceeding commenced in the United States in aid of a foreign proceeding or in the context of a request to the United States court to abstain or dismiss in deference to a plenary foreign proceeding under 11 U.S.C. § 305. Here, L&H, a corporation organized under the laws of Belgium, voluntarily commenced a plenary bankruptcy reorganization proceeding in Belgium and a separate bankruptcy proceeding in Delaware. Both of these bankruptcy proceedings followed on the heels of Stonington’s action against L&H and certain of its former officers and directors, all of whom have been arrested and jailed in Belgium on charges of securities fraud, to set aside L&H’s acquisition of the Dictaphone Corporation from Stonington because of the perpetration of fraud. A few days before L&H filed its bankruptcy petition, the Belgian court ordered L&H to turn over its shares of Dictaphone to a court-appointed trustee.
Neither the Belgian court nor the Delaware Bankruptcy Court has declined to exercise jurisdiction over any part of the case. Under such circumstances, it would be an abuse of discretion for the Bankruptcy Court or the District Court to enjoin the presentation of a claim in the court of another sovereign. I see no factors here that justify the breach of comity among the courts of separate sovereignties. See Compagnie des Bauxites de Guinea v. Insurance Co. of North America, 651 F.2d 877, 887 (3d Cir.1981). In fact, on December 4, 2000, the Bankruptcy Court informed counsel for Stonington in open court that “you’re absolutely right in the contention that you must be permitted to participate in the Belgian reorganization proceedings.”
I see nothing about this case that commands a choice-of-law analysis, particularly in light of the Bankruptcy Court’s acknowledgment that if it were to give direction to the Belgian court what or what not to do, “that would be violative of international comity principles and the like.” Yet, the majority remands this case to the Bankruptcy Court to undertake another choice-of-law analysis to determine whether it should enjoin Stoning-ton from pursuing rights granted to it under foreign law in a proceeding that L&H initiated in the foreign court. The reasons given for the remand are vague and lack substance: to consider “the application of the principles” the majority has discussed and “the interplay of the various comity concerns” on which the Bankruptcy Court failed to focus its attention, or to search for facts “not known to us that could impact on the ruling.” (Maj. op. at 130). These are indeed slender reeds on which to empower another effort in the Bankruptcy Court to enjoin Stonington’s participation in the Belgian proceedings, especially when the record on the issue before us is sufficient and the legal principles are well-established.
The other anomaly produced by the remand to the Bankruptcy Court is that it discourages and burdens the loss-recovery effort of Stonington, an American ERISA fiduciary that manages institutional capital on behalf of public and corporate pension funds, and private endowments, before a Belgian court that is ready and willing to entertain its claim. Furthermore, were the Bankruptcy Court again to issue an *135 injunction after another choice-of-law analysis, it would, in effect, challenge the dignity and sovereignty of the Belgian court and the outcome of the proceedings before it, an act of hostility rather than comity. To rationalize that the Bankruptcy Court’s preclusion of Stonington from presenting its claim does not diminish the authority or jurisdiction of the foreign court is sophistry. “[T]here is no difference between addressing an injunction to the parties and addressing it to the foreign court itself.” 651 F.2d at 887.
L&H, a corporation organized under Belgian laws, voluntarily sought the protection of the Belgian courts. Stonington did not initiate these proceedings in that court; L&H did. Stonington did not seek protection under Belgian law; L&H did. Remanding the case to the Bankruptcy Court for another opportunity to attempt to shore up a case for injunctive relief is inappropriate because L&H never sought an injunction in the first place, and it disregards the equities of the parties and the principles of international comity. Furthermore, it is contrary to our case law, which “unequivocally directs courts to exercise restraint in enjoining foreign proceedings.” (Maj. op. at 129) It ignores the majority’s skepticism, which I share, “as to whether an anti-suit injunction can be found to be appropriate in these circumstances.” Id. It runs counter to the Bankruptcy Court’s ruling, repeated at the hearing on April 10, 2001, that “it was well established [on February 8th] and well understood that Stonington could pursue its claim in the concordat.”
Therefore, this case should not be remanded to the Bankruptcy Court for further consideration on the appropriateness of injunctive relief.